IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2025

**STATE OF TENNESSEE v. KOALIS PEETE**

**Appeal from the Criminal Court for Shelby County**
**Nos. 16-05602, 16-04956, 16-04955      Chris Craft, Judge**

_____

**No. W2024-01211-CCA-R3-CD**
_____

The Defendant, Koalis Peete, appeals the trial court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

STEVEN W. SWORD, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and KYLE A. HIXSON, JJ., joined.

Koalis Peete, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Johnny Cerisano, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.      FACTUAL AND PROCEDURAL HISTORY**

On December 18, 2020, the Defendant pled guilty to second degree murder, aggravated robbery, and attempted aggravated robbery, pursuant to a negotiated plea agreement.[1] The trial court imposed sentences of thirty-five years' incarceration for the second degree murder conviction, twelve years' incarceration for the aggravated robbery

_____

[1] As discussed below, the appellate record does not include copies of the indictment, plea agreement, or judgment forms. However, the trial court and the parties on appeal agree as to the nature of the Defendant's convictions.

conviction, and six years' incarceration for the attempted aggravated robbery conviction.[2] Each sentence was aligned concurrently, yielding a total effective sentence of thirty-five years' incarceration.

On June 21, 2024, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In his motion, the Defendant alleged his sentence was illegal because his "plea was based on fraud." Specifically, he asserted the State made knowing misrepresentations during plea negotiations by recommending the Defendant be sentenced as a Range II, multiple offender, because the Defendant's prior criminal record did not justify such a classification. The Defendant argued he should have been sentenced as a Range I, standard offender, and as such, his sentences of thirty-five years' incarceration for second degree murder and twelve years' incarceration for aggravated robbery exceeded the appropriate sentencing range.

On July 8, 2024, the trial court entered an order summarily denying the Defendant's Rule 36.1 motion. In its order, the trial court concluded the Defendant "bargained for and agreed to receive" his sentences and consented to his classification as a Range II, multiple offender, "rather than face a possible sentence of life imprisonment for" first degree murder, as charged in his indictment. The trial court further concluded that each of the Defendant's sentences was within the applicable sentencing range for a Range II, multiple offender. The Defendant, proceeding pro se, filed a timely notice of appeal by delivering the notice to the appropriate individual at the correctional facility in which he was incarcerated on July 31, 2024.[3]

## II.    ANALYSIS

---

[2] In his trial court motion, the Defendant contended he received a thirty-three-year sentence. He does not reiterate this contention in his appellate brief; in fact, his appellate brief makes no mention of the specific length of the sentence for which he seeks correction.

[3] In its appellate brief, the State contends the Defendant's notice of appeal was untimely filed on August 13, 2024, the date it was file-stamped by the appellate court clerk. Tennessee Rule of Appellate Procedure 4(a) requires that an appealing party file a notice of appeal "with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" However,

> [i]f papers required or permitted to be filed pursuant to the rules of appellate procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

Tenn. R. App. P. 20(g). The envelope in which the Defendant's notice of appeal was mailed from the correctional facility contains a postmark indicating it was mailed on July 31, 2024. The Defendant's notice of appeal was, therefore, timely.

On appeal, the Defendant argues the trial court erred by summarily dismissing his Rule 36.1 motion, reiterating that his sentence is illegal because he "entered into a plea agreement that included as a material element a recommendation for an out-of-range sentence." He maintains that his prior criminal record did not justify his classification as a Range II, multiple offender; that he should have been classified as a Range I, standard offender; and that, accordingly, the sentences he received exceeded the applicable range. The State responds, and we agree, that summary dismissal was appropriate.

Tennessee Rule of Criminal Procedure 36.1 provides both the criminal defendant and the State an avenue to seek the correction of an illegal sentence at any time before the sentence has expired. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2); *State v. Wooden*, 478 S.W.3d 585, 594 (Tenn. 2015). A motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Wooden*, 478 S.W.3d at 594. "If the motion states a colorable claim that the unexpired sentence is illegal, . . . and if the defendant is indigent and is not already represented by counsel, the court shall appoint counsel to represent the defendant." Tenn. R. Crim. P. 36.1(b)(3). On the other hand, if the trial court, after reviewing the motion, any response thereto, and the record, "determines that the motion fails to state a colorable claim, it shall enter an order summarily denying the motion." Tenn. R. Crim. P. 36.1(b)(2). A colorable claim is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. Whether a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1 states a colorable claim for relief is a question of law which this court reviews *de novo*. *Id*. at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

As relevant to this appeal, Rule 36.1 requires a defendant seeking the correction of an allegedly illegal sentence to "attach to the motion a copy of each judgment order at issue." Tenn. R. Crim. P. 36.1(a)(1). The Defendant references this requirement in both his trial court motion and in his appellate brief; however, it is unclear whether he attached copies of his judgments of conviction to his Rule 36.1 motion. In his trial court motion, the Defendant argued that his sentence "is well above the applicable [r]ange of punishment" and included a footnote referencing "annexed Judgment Sheets." The copy of the Rule 36.1 motion included in the appellate record includes no such judgment sheets, and although the trial court appeared aware of the judgments the Defendant received pursuant to his negotiated plea agreement, it is altogether unclear whether the Defendant in fact complied with the Rule's procedural requirements. As this court has previously noted, a defendant's failure to attach the relevant judgments of conviction to his or her Rule

36.1 motion is sufficient to affirm summary dismissal. *See, e.g.*, *State v. Hampton*, No. M2024-00058-CCA-R3-CD, 2024 WL 3898539, at *1 (Tenn. Crim. App. Aug. 22, 2024), *no perm. app. filed*; *State v. Smith*, No. W2020-01596-CCA-R3-CD, 2021 WL 4932496, at *2 (Tenn. Crim. App. Oct. 22, 2021), *no perm. app. filed*; *see also* Tenn. R. App. P. 24(a) (noting that the appealing party bears the burden of preparing a record which conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal" and which includes, subject to certain inapplicable exceptions, "all papers filed in the trial court").

Regardless, summary dismissal was appropriate because the Defendant failed to present a colorable claim that his sentence was illegal. The Defendant argues his prior criminal record indicates he should have been sentenced as a Range I, standard offender. However, the record is utterly devoid of any proof of his prior criminal record to substantiate this claim. The Defendant also failed to include any copy of his plea agreement in the record, and in the absence of an adequate appellate record, "this court must presume that the trial court's rulings were supported by sufficient evidence." *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Accordingly, the trial court's conclusion that the Defendant bargained for his sentences and agreed to his classification as a Range II, multiple offender, "rather than face a possible sentence of life imprisonment for" first degree murder, as charged in his indictment, is presumptively correct, even if it was outside the applicable range. *See State v. Brimmer*, No. E2014-01393-CCA-R3-CD, 2014 WL 7201795, at *4 (Tenn. Crim. App. Dec. 18, 2014), *perm. app. denied* (Tenn. Apr. 10, 2015) (affirming summary denial of a defendant's Rule 36.1 motion alleging he received an out-of-range sentence because "there is nothing in the limited record before us to indicate that [the defendant] did not knowingly and voluntarily agree to an out-of-range sentence).

The crux of the Defendant's Rule 36.1 claim is that he was incorrectly sentenced as a Range II, multiple offender; accordingly, his sentences for his convictions of second degree murder and aggravated robbery were excessive because they were outside the applicable sentencing range. As the Tennessee Supreme Court has noted, there are three categories of sentencing errors: clerical errors, which involve clerical mistakes in a defendant's judgment sheet and which may be corrected through Tennessee Rule of Criminal Procedure 36; appealable errors, for which the Sentencing Act provides a right of direct appeal; and fatal errors, which are "so profound as to render the sentence illegal and void." *Wooden*, 478 S.W.3d at 595 (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011)). The scope of relief provided by Rule 36.1 is explicitly limited to correcting fatal errors, *Wooden*, 478 S.W.3d at 595, and assignments of error in offender classifications "are not within the purview of . . . Rule 36.1," *State v. Lindsey*, No. E2014-02096-CCA-R3-CD, 2015 WL 5692072, at *2 (Tenn. Crim. App. Sept. 29, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016). Therefore, even if the record was sufficient for a more thorough appellate review, and even taking this claim in the light most favorable to the

Defendant, summary dismissal was appropriate because Rule 36.1 does not authorize the relief he requests.

## III.  CONCLUSION

Following our review of the record and based on the foregoing analysis, we affirm the judgment of the trial court.

s/ *STEVEN W. SWORD*

STEVEN W. SWORD, JUDGE